PHILADELPHIA TRUST, SAFE DEPOSIT AND INSURANCE COMPANY, TRUSTEE, ET AL., PROSECUTORS, v. BOROUGH OF MERCHANTVILLE.

Argued June 4, 1907—Decided November 11, 1907.

1. When it appears that before condemnation proceedings were begun, the proper authorities of the borough offered the owner $200 for the land sought by the borough for its sewage-disposal works, and that the owner absolutely refused to treat concerning the matter, it will be inferred that the borough treated with the

owner and could not acquire such land by agreement by reason of disagreement as to price, within the meaning of section 87 of the Borough act of 1897 (*Pamph. L., p.* 285), and the supplement thereto of 1903 (*Pamph. L., p.* 393), and section 1 of the Eminent Domain act of 1900. *Pamph. L., p.* 79.

2. Section 87 of the Borough act of 1897 (*Pamph. L., p.* 285) authorizes the borough to establish such sewage-disposal plant and acquire land for such purpose, "either within said borough or beyond its limits." The supplement to the Borough act of 1903 (*Pamph. L., p.* 393) provides that "it shall be lawful for such boroughs to condemn and take such lands in the manner and by the proceedings provided by law." Section 1 of the Eminent Domain act of 1900 (*Pamph. L., p.* 79) provides that whenever the proper officers of the borough "shall have determined to acquire land or other property pursuant to authority conferred by law and cannot acquire such land or other property by agreement with the owner, * * * the compensation shall be ascertained and paid in the manner directed by this act." The consent of the adjoining township where the land is situated is unnecessary.

3. Section 87 of the Borough act of 1897 (*Pamph. L., p.* 285) does not require the sewage-disposal works to be constructed to tidewater.

4. The location of the sewage-disposal works is necessarily committed to the discretion of the public authorities of the borough. The proper place for such location is determined by public necessity and convenience, and the decision of the borough authorities on this subject is conclusive, because it is the exercise of a discretion reposed in them by law.

On *certiorari.*

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutors, *Herbert A. Drake.*

For the defendant, *William Early* and *Carrow & Kraft.*

The opinion of the court was delivered by

TRENCHARD, J.    This writ of *certiorari* brings up for review an order made by a justice of the Supreme Court, April 29th, 1907, on application of the borough of Merchantville, appointing commissioners to condemn lands of the prosecutors in Pensauken township for the sewage-disposal works of the borough.

The grounds relied upon to set aside the order, so far as we deem them of sufficient importance to be considered, are in effect:

*First.* Because the borough did not first negotiate for the purchase of the land as required by the statute.

Section 87 of the Borough act, approved April 24th, 1897 (*Pamph. L., p.* 285), provides that "whenever the council shall determine by ordinance to * * * construct any sewer or sewers * * * or any sewage receptacle or works or place for treating or disposing of sewage, and shall deem it necessary to take and appropriate for such purpose any lands and real estate, either within said borough or beyond its limits, they are hereby authorized to treat with the owner or owners thereof for the same, and they may purchase said lands and real estate from the owner or owners of the same and make such compensation therefor as they may deem reasonable, and thereupon shall receive from such owner or owners a conveyance of such lands and real estate to the inhabitants of the borough."

The supplement to the Borough act, approved April 8th, 1903 (*Pamph. L., p.* 393), provides that "in all cases in which authority has been or may hereafter be given to boroughs to acquire lands for any public work, improvement or use by purchase, it shall be lawful for such boroughs to condemn and take such lands in the manner and by the proceedings provided by law."

Section 1 of the Eminent Domain act, approved March 20th, 1900 (*Pamph. L., p.* 79), provides that "whenever the proper officers of * * * any municipal corporation, or of any other corporation, public or private, having power to take land or other property for public use, shall have determined to acquire land or other property pursuant to authority conferred by law, and cannot acquire such land or other property by agreement with the owner, whether by reason of disagreement as to the price * * * or by reason of any other cause, the compensation shall be ascertained and paid in the manner directed by this act."

It appears by the petition and by the evidence that the bor-

454     NEW JERSEY SUPREME COURT.

Phila. Trust Co. v. Merchantville.     75 N. J. L.

ough offered the prosecutors $200. for the lands in question, and that they absolutely refused to treat concerning the matter. From this we infer that the borough treated with the owners as required by the statute and could not acquire the land by agreement by reason of disagreement as to price.

*Secondly.* It is insisted that the proceeding is void because it is alleged that the borough is not authorized by law to build a sewage-disposal plant in the adjoining township of Pensauken without the consent of the township.

We think there is no merit in this contention.

Section 87 of the Borough act plainly authorizes the borough to establish such a sewage-disposal plant, and to acquire land for such purpose, "either within said borough or beyond its limits."

It is true that section 82 of the Borough act provides that no sewer shall be built into an adjoining municipality without the consent of its governing body. But that section by its terms plainly applies only to "sewers to tidewater." The proposed improvement under consideration admittedly is not of that character. The section therefore has no application to the present proceedings. The supplement to the Borough act of 1903 (*Pamph. L., p.* 393) provides that "it shall be lawful for such boroughs to condemn and take such lands in the manner and by the proceedings provided by law." Section 1 of the Eminent Domain act of 1900 (*Pamph. L., p.* 79) provides that whenever the proper officers of the borough "shall have determined to acquire land or other property pursuant to authority conferred by law, and cannot acquire such land or other property by agreement with the owner, * * * the compensation shall be ascertained and paid in the manner directed by this act."

The consent of the township of Pensauken is therefore unnecessary.

*Thirdly.* It is insisted that the statute requires that the sewerage system in question must be planned to be constructed to tidewater. It is a sufficient answer to say that section 87 of the Borough act, under which the proceeding is had, does not require it.

*Fourthly.* It is contended that there is no necessity for locating the disposal works in the township of Pensauken.

We see no merit in this contention. The location of the disposal works is necessarily committed to the discretion of the public authorities of the borough. The proper place for such location is determined by public necessity and convenience, and the decision of the borough authorities on this subject is conclusive, because it is the exercise of a discretion reposed in them by law. *Marcus Sayre Co.* v. *Newark,* 15 *Dick. Ch. Rep.* 361, 383.

We have considered all the other objections argued but find no merit in them.

The result is that the order appointing commissioners is affirmed, with costs.